UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSE

| | |
|---|---|
| Benjamin Johnson, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br><br><br>-v.-<br>Midland Credit Management, Inc.,<br>and John Does 1-25.<br><br>Defendant(s). | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Benjamin Johnson (hereinafter, "Plaintiff"), a Tennessee resident, brings this Class Action

Complaint by and through his attorneys, Stein Saks, PLLC against Defendant Midland Credit

Management, Inc. (hereinafter "Defendant Midland Credit"), individually and on behalf of a class

of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based

upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to

Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

    1.     Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA")

in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

concerned that "abusive debt collection practices contribute to the number of personal

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

"'the effective collection of debts" does not require "misrepresentation or other abusive debt

collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive

debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After

determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b),

Congress gave consumers a private cause of action against debt collectors who fail to comply

with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and

15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this

action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is

where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Tennessee consumers under

§1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt

Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Tennessee.

8.      Defendant Midland Credit is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3111 Camino Del Rio North Ste 103, San Diego, CA 92108 and may be served with process upon the Corporation Service Company, its registered agent for service of process at Corporation Service Company, 2908 Poston Ave., Nashville, Tennessee.

9.      Upon information and belief, Defendant Midland Credit is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

    a.  all individuals with addresses in the State of Tennessee;

    b.  to whom Defendant Midland Credit sent a collection letter attempting to collect a consumer debt;

    c.  that stated that a judgment may be awarded and the balance may increase due to costs and post judgment interest;

    d.  and deceptively states that a settlement offer will satisfy a judgment in full based on the balance stated in the letter rather than the total balance at the time of payment;

e.  which letter was sent on or after a date one (1) year prior to the filing of this

action and on or before a date twenty-one (2l) days after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of

Defendants and those companies and entities on whose behalf they attempt to collect and/or

have purchased debts.

14.     Excluded from the Plaintiff Class are the Defendants and all officer, members,

partners, managers, directors and employees of the Defendants and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate

families.

15.     There are questions of law and fact common to the Plaintiff Class, which common

issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendants' written communications to consumers, in the forms attached as

Exhibit A, violate 15 U.S.C. §§ l692e, 1692f.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same

facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the

Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action

pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e, 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to May 13, 2020 an obligation was allegedly incurred to a creditor.

22.     The obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transactions, were primarily for personal, family or household purposes.

23.     The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     Defendant Midland Credit purportedly purchased the alleged debt and is currently collecting the alleged debt.

25.     Defendant Midland Credit collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - March 13, 2020 Collection Letter*

26.     On or about March 13, 2020, Defendant Midland Credit sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed. **See Exhibit A**.

27.     The letter states a total balance of $12,889.53.

28.     The letter further provides a settlement offer of $10,319.62 which expires on 6/12/2020.

29.     The letter further states in part: "A judgment could be awarded by the court before the expiration of the discount offer listed in this letter.  A judgment may include costs and post-judgment interest which may increase the balance owed. If you pay the discount offer in this letter by 06/12/2020, we will satisfy the judgment in full upon receipt of payment based on the balance stated in this letter."

30.     The letter states that if the discount offer is paid by 6/12/2020, Defendant will satisfy the judgment in full "based on the balance stated in this letter."

31.     This statement is confusing and deceptive because it implies that the payment will only satisfy the judgment based on the balance stated in the letter, which is $12,889.53 and not if the balance rises which Defendant's letter indicates may happen ("A judgment may include costs and post-judgment interest which may increase the balance owed.")

32.     Alternatively, the letter could be read to mean that payment of the discounted amount will satisfy the debt entirely, whether or not the balance increases due to costs and post-judgment interest.

33.     A collection letter is deceptive if it is open to more than one reasonable interpretation, at least one of which is inaccurate.

34.     In addition, the letter is misleading and deceptive by alluding to a possible judgment without referencing any actual case and whether an actual lawsuit that could lead to a judgment currently exists.

35.     Furthermore, the letter discusses the judgment in extremely speculative terms, stating that a judgment "could" be awarded and "may" include costs, when, upon information and belief, the Defendant knows whether its legal counsel plan on filing for judgment and the speculation is intended only to frighten and harass the Plaintiff to make an immediate payment.

36.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

37.     Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

38.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

39.     Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

40.     Plaintiff would have pursued a different course of action were it not for the statutory violation.

41.     As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
***et seq.***

42.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

above herein with the same force and effect as if the same were set forth at length herein.

43.      Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44.      Pursuant to 15 U.S.C. §  1692e, a debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

45.      Defendant violated § 1692e:

   a.  As the Letter it is open to more than one reasonable interpretation, at least one of
       which is inaccurate.

   b.  By making a false and misleading representation in violation of §1692e(10).

46.      By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of

actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f *et seq.***

47.      Plaintiff repeats the above paragraphs as if set forth here.

48.      Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

49.      Pursuant  to  15  U.S.C.  §  1692f,  a  debt  collector  may  not  use  any  unfair  or

unconscionable means in connection with the collection of any debt.

50.    Defendant violated this section by

        a.   Using threatening and harassing language regarding the possible judgments.

51.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

52.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Benjamin Johnson, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland Credit Management Inc, as follows:

53.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

54.    Awarding Plaintiff and the Class statutory damages;

55.    Awarding Plaintiff and the Class actual damages;

56.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

57.    Awarding pre-judgment interest and post-judgment interest; and

58.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  Hackensack, New Jersey
       May 12, 2021

                                           /s/ Yaakov Saks

By:  Yaakov Saks
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
*Attorneys For Plaintiff*